**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS DIVISION**

| | | |
|---|---|---|
| **MARK RILEY and JULIE RILEY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. _____** |
| | ) | |
| **LIBERTY MUTUAL INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

Defendant Liberty Mutual Insurance Company ("Liberty"), incorrectly named in the Complaint as General Insurance Company of America (a Safeco Company), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this notice of removal from the Chancery Court of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee, Memphis Division. In support of this Notice of Removal, Liberty states:

**1.     FACTS AND PROCEEDINGS**

1.     On or about August 25, 2015, Mark Riley and Julie Riley ("Collectively Plaintiffs") filed a Complaint (the "Complaint") against Liberty in the Chancery Court of Shelby County, Tennessee. The state court case is styled: *Mark Riley and Julie Riley v. General Insurance Company of America (a Safeco Company),* Case No. CH-15-1137.

2.     Liberty was served on or about August 31, 2015.

3.     The Complaint is based on events related to an alleged accidental water leak that occurred on or about September 10, 2014 and damaged and/or destroyed the dwelling and residential property located at 2801 Marbry Drive, Bartlett, Shelby County, Tennessee 38134.

(the "Property"). (*See generally* Compl.)

4.    In their Complaint, Plaintiffs assert certain claims against Liberty and seek compensatory damages, punitive damages, consequential damages, and cost of this action based on what they describe as breach of contract claims. (Compl. ¶¶ 18-23.)

## II.    THIS NOTICE IS TIMELY FILED

5.    This notice of removal is timely filed within thirty days of this action becoming removable. *See* 28 U.S.C. § 1446(b) (2011). The Complaint was filed on August 25, 2015 and Liberty was served on August 31, 2015, which is less than 30 days from the filing of this Notice.

## III.    REMOVAL PROCEDURES

6.    Removal of this case is proper under 28 U.S.C. § 1441(a), which provides in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2011).

7.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a). Liberty seeks to remove this case to the United States District Court for the Western District of Tennessee. The Chancery Court of Shelby County, Tennessee is located within this District and cases arising from Shelby County are properly assigned to the Memphis Division of this Court. *See* 28 U.S.C. § 123(a)(1).

8.    In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by Liberty is attached hereto as **Exhibit A**.

9.    Defendant has filed this Notice of Removal with this Court, is contemporaneously serving a copy of the Notice of Removal upon Plaintiff, and is filing a copy of this Notice of

Removal in the Shelby County Chancery Court pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Removal that is being filed with Shelby County Chancery Court is attached hereto as **Exhibit B**.

## IV.   THIS COURT HAS DIVERISTY JURISDICTION

10.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332.

11.    Pursuant to 28 U.S.C. § 1441(b), "[a]ny other such actions shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

12.    Plaintiffs are citizens and residents of Shelby County, Tennessee. (Compl. ¶ 1.)

13.    Liberty is a company organized under the laws of the State of Massachusetts with principal place of business in Suffolk County, Boston, Massachusetts.  For purposes of diversity, Liberty is a citizen of Massachusetts.  28 U.S.C. § 1332(c)(1).

14. Accordingly, complete diversity of citizenship exists between the parties because Plaintiff is a citizen of Tennessee and the Defendant is a resident of Massachusetts.

15. Complete diversity of citizenship exists between the parties.

16. The amount in controversy requirement is also satisfied. In their Complaint, Plaintiffs request compensatory damages in the amount of $500,000; punitive damages in the amount of $2,500,000; consequential damages in the amount of $150,000; pre- and post-judgment interest, and attorney's fees. (*See generally* Compl. and Prayer for Relief.) The value of the damages claimed regarding the Property exceeds $75,000.00. Therefore, the Complaint on its face,

establishes an amount in controversy in excess of $75,000.00.

## V.    CONCLUSION

WHEREFORE, Liberty respectfully requests the above-captioned action now pending in the Chancery Court for Shelby County, Tennessee, be removed to the United States District Court for the Western District of Tennessee, that this Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

*s/ John R. Wingo*
John R. Wingo (BPR No. 16955)
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219-2376
Email: john.wingo@stites.com
Telephone: (615) 782-2286

*Counsel for Defendant, Liberty Mutual Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of September 2015, a copy of the foregoing *Notice of Removal* was filed with the Clerk's office and served electronically and/or via first-class U.S. mail, postage prepaid, upon the parties as indicated below. Parties may also access this filing through the Court's ECF system.

GILBERT RUSSELL, MCWHERTER
SCOTT & BOBBITT, PLC
Clinton H. Scott, Esq.
101 N. Highland Avenue
Jackson, TN 38301
Email: cscott@gilbertfirm.com
Telephone: (731) 664-1340
Facsimile: (701) 664-1540

and

J. Brandon McWherter, Esq.
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Email: bmcwherter@gilbertfirm.com
Telephone: (615) 354-1144
Facsimile: (701) 664-1540

*Counsel for Plaintiffs*

                              *s/ John R. Wingo*

1132604:2:NASHVILLE