IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE

MARK RILEY and JULIE RILEY,

    Plaintiffs,

v.

GENERAL INSURANCE COMPANY
OF AMERICA (A SAFECO COMPANY),

    Defendant.

Cause No. CH-15-1137

JURY DEMANDED

SHELBY COUNTY CHANCERY COURT
AUG 25 2015
DONNA L. RUSSELL, C & M
TIME: 1431  BY: PB

**COMPLAINT**

    COMES NOW the Plaintiffs, Mark Riley and Julie Riley, by and through counsel, and submit the following for their Complaint against General Insurance Company of America (a SAFECO Company):

**PARTIES AND JURISDICTION**

    1. Mark Riley and Julie Riley (hereafter "Plaintiffs") are residents of Bartlett, Shelby County, Tennessee. At all times relevant hereto, Plaintiffs were the owners of the real estate, dwelling, other structures, and personal property located at 2801 Marbry Dr., Bartlett, Tennessee (the "Insured Premises").

    2. Defendant, General Insurance Company of America (a SAFECO Company) (hereafter "Safeco") is an insurance company engaged in the insurance business in the State of Tennessee, including Shelby County. Upon information and belief, Safeco's principal office is located in Seattle, Washington.

    3. This Complaint originates as the result of a water leak that substantially damaged the structure and personal property located on the Insured Premises.

## FACTS

4. At all times relevant hereto, Plaintiffs were a party to an insurance contract whereby Safeco agreed to insure the dwelling, other structures, and personal property located at the Insured Premises against property damage, upon information and belief bearing Policy No. OF2195389 (the "Policy"). The Policy's term was October 30, 2013 to October 30, 2014. The Policy is incorporated herein by reference as if set forth verbatim.

5. At all times relevant hereto, the Insured Premises consisted of a residential dwelling and surrounding area in which Plaintiffs resided.

6. The Policy provided insurance coverage for direct physical loss to the dwelling located on the Insured Premises, as well as coverage for damage to personal property resulting from direct physical losses caused by a covered peril. The Policy also provided coverage for debris removal, additional living expenses, and such other insurance coverage as specifically set forth in the Policy.

7. The Declarations page of the Policy reveals that coverage was provided in the following amounts:

   a. Dwelling            $215,000
   b. Other Structures    $21,550
   c. Personal Property   $161,630
   d. Loss of Use         $43,100

2

8. The Policy was an "all-risks" policy with regard to the Insured Premises, meaning that the Policy covered all risks of direct physical loss except for those specifically excluded by the Policy. The Policy was a covered perils policy with the regard to the personal property.

9. Pursuant to the Policy, Plaintiffs paid an annual premium to Safeco in exchange for insurance coverage. Plaintiffs paid the required premiums at all times relevant to this Complaint.

10. On or about September 10, 2014, an accidental water leak damaged and/or destroyed the dwelling and personal property located on the Insured Premises (the "Loss"). The Loss was not excluded under the Policy and was a covered peril under the Policy.

11. Plaintiffs promptly reported the Loss to Safeco.

12. Plaintiffs fulfilled all of the duties after the Loss that were imposed upon them by the Policy to the satisfaction of Safeco.

13. As it relates to the Loss, there is no applicable exclusion. The Loss is a compensable claim under the Policy.

14. Despite the fact that Plaintiffs have fulfilled all duties imposed upon them by Safeco and are at no fault in this matter, Safeco has wrongfully refused to pay Plaintiffs' claim for insurance proceeds despite the fact that the Loss occurred almost a year before the filing of this lawsuit. Presently, Plaintiffs and Defendant are engaged in the appraisal process under the Policy. Because the Policy places a one year limitation on filing suit, Plaintiffs were forced to file this suit with the appraisal process pending in order to ensure that their rights are protected.

15. Safeco has accepted the Loss as a compensable claim under the Policy.

16. Safeco's failure and refusal to pay Plaintiffs the amounts owed to them for the Loss is without justification.

3

17. Safeco's failure and refusal to pay the money and benefits due and owing Plaintiffs under the Policy has caused Plaintiffs to seek legal counsel and to initiate this Complaint to recover the insurance proceeds to which they are entitled.

## CAUSES OF ACTION

### Count 1 – Breach of Contract

18. The allegations contained in Paragraphs 1-17 of this Complaint are incorporated herein by reference as if set forth verbatim.

19. The Policy issued by Safeco was a binding contract, and is supported by valid consideration.

20. Safeco is in total material breach of the Policy, and Safeco is liable to Plaintiffs in the maximum amount allowed by the Policy for the Loss, plus consequential damages. Specifically, Safeco's breach of contract includes the following, without limitation: (a) Safeco's failure and refusal to pay the amounts owed to Plaintiffs for the damage to the dwelling on the Insured Premises caused by the Loss; (b) Safeco's failure and refusal to pay the amounts owed to Plaintiffs for the personal property that was damaged/destroyed during the Loss; (c) Safeco's failure to responsibly use the additional living expense money available under the Policy for the benefit of Plaintiffs during the time period following the Loss until the reasonable and necessary repairs can be completed; and (d) Safeco's failure and refusal to pay such other amounts to Plaintiffs as may be required by the Policy.

21. As a result of Safeco's breach of contract, Plaintiffs have sustained substantial compensable losses for the amounts claimed under the Policy and additional consequential damages that were reasonably foreseeable.

22. Safeco is liable to Plaintiffs for their losses.

4

23. Safeco's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 2013 Tenn. App. LEXIS 712, *47 (Tenn. Ct. App. Oct. 31, 2013). Specifically, Safeco intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiffs' claim when liability was admitted; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding Plaintiffs' claim for insurance proceeds; (3) unjustly refused and/or failed to pay Plaintiffs' claim for its own financial preservation with no reasonable or justifiable basis; (4) unjustly refused and/or failed to assist the Plaintiffs after the Loss; (5) failed to honor the promises made to the Plaintiffs by its employees; (6) wasted the additional living expense coverage provided under the Policy on hotel rooms, rather than a rental home (as requested by the Plaintiffs), to the detriment of Plaintiffs; and (7) refused to extend additional living expense coverage to provide rental housing, etc. during the time that the appraisal process was ongoing, despite the fact that the appraisal process was delayed by the actions/inaction of Safeco and its agents appraiser and at no fault of the Plaintiffs. Safeco knew, or reasonably should have known, that Plaintiffs were justifiably relying on the money and benefits due them under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiffs' rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiffs, Safeco consciously ignored and delayed payment of Plaintiffs' valid claim and withheld monies and benefits rightfully due Plaintiffs. Plaintiffs seek, and are entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Plaintiffs would respectfully request that this Honorable Court award a judgment to Plaintiffs as follows:

A. For compensatory damages to Plaintiff against Safeco not to exceed $500,000;

B. For punitive damages against Safeco not to exceed $2,500,000.00;

C. For consequential damages against Safeco not to exceed $150,000;

D. For all costs incurred by Plaintiffs as a result of this action;

E. For pre- and post-judgment interest; and

F. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a jury.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT & BOBBITT, PLC

_____
CLINTON H. SCOTT #23008
cscott@gilbertfirm.com
101 N. Highland Ave.
Jackson, TN 38301
(731) 664-1340
(731) 664-1540 *Fascimile*

and

J. BRANDON McWHERTER #21600
bmcwherter@gilbertfirm.com
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
(615) 354-1144
(731) 664-1540 *Facsimile*

## COST BOND

This firm stands as surety for costs in this cause.

_____

6

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

RECEIVED
SEP 0 4 2015
CHANCERY COURT

August 31, 2015

General Insurance Company Of America
2908 Poston Avenue % Corporation Service
Nashville, TN 37203
NAIC # 24732

Certified Mail
Return Receipt Requested
7012 3460 0002 8950 6869
Cashier # 21788

Re:   Mark Riley And Julie Riley   V.   General Insurance Company Of America

   Docket # CH-15-1137

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served August 31, 2015, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
   Shelby County
   140 Adams Street, Rm 308
   Memphis, Tn 38103



SUMMONS                                                      R.D. NO. CH-15-1137

**STATE OF TENNESSEE**
**IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE**

TO:  GENERAL INSURANCE COMPANY OF AMERICA (A SAFECO COMPANY)
     c/o Commissioner of Insurance
     500 James Roberson Parkway
     Nashville, TN 37243

You are summoned to appear and defend a civil action filed against you entitled:

**MARK RILEY and JULIE RILEY**
**v.**
**GENERAL INSURANCE COMPANY OF AMERICA (A SAFECO COMPANY)**

which has been filed in Chancery Court, Shelby County, Tennessee, and your defense must be made within thirty (30) days from that date this summons is served upon you. You are further directed to file your defense with the Clerk of the court and send a copy to **Clinton H. Scott, Gilbert Russell McWherter Scott & Bobbitt PLC**, Plaintiffs' Attorney, whose address is **101 North Highland, Jackson, TN 38301**. In case of your failure to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

ISSUED: August 25th, 2015.

CLERK AND MASTER

By: _____
Deputy Clerk & Master

---

**RETURN OF SERVICE**

I hereby certify and return, that on the _____ day of _____, 2015, I served this summons together with a copy of the complaint herein as follows: _____
_____
_____
_____

_____
Sheriff

_____
Deputy Sheriff